NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 14 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRADLEY W. MONICAL, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> MARION COUNTY JAIL; JASON MYERS; MARION COUNTY JAIL COMMANDER; CINDY GAGE; STACEY HEADRICK; DEPUTY DUNNBARR; DEPUTY FRIEZE; JOHN DOE 1; DEPUTY JOHN DOE 2; COMMANDER TAD LARSON; DEPUTY STRAUS; DEPUTY MCGOWAN; DEPUTY KNOSPE; KEEFE COMMISSARY NETWORK LLC; COUNTY OF MARION; JACOB RAMSY, <br><br> Defendants - Appellees. | No. 23-1506 <br><br> D.C. No. 6:18-cv-00103-YY <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted May 14, 2026**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: O'SCANNLAIN, SILVERMAN, and N.R. SMITH, Circuit Judges.

Bradley Monical, an Oregon state inmate, appeals from the district court's judgment in his prisoner civil rights action alleging claims against Marion County Jail and Keefe Commissary. The district court granted summary judgment on the First Amendment claims and dismissed the remaining claims pursuant to the Prison Litigation Reform Act (PLRA) for failure to exhaust available remedies. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the exhaustion factual findings for clear error and legal rulings and summary judgment de novo. *Albino v. Baca*, 747 F.3d 1162, 1171, 1173 (9th Cir. 2014).

The district court did not abuse its discretion by denying plaintiff's motion to compel answers to his request for admissions, which were served less than 30 days prior to the close of discovery. *See* D. Or. Local Rule Civ. P. 16-2(e)(4) ("The Court will not require a response to a discovery request that is made with insufficient time for a party to respond before the completion of discovery date."); Fed. R. Civ. P. 36(a)(3) (requiring a response within thirty days of service). The district court acts within its discretion when it denies a motion for failure to comply with local rules. *Tri-Valley CAREs v. U.S. Dept. of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012). In any event, plaintiff did not establish that he suffered actual and substantial prejudice from the denial of discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth the standard).

The district court did not abuse its discretion by denying plaintiff's motion for sanctions because defendants complied with discovery rules. Federal Rule of Civil Procedure 26(a)(1)(B)(iv) specifically exempts proceedings "brought without an attorney by a person in the custody of . . . a state" from Rule 26 initial disclosures. Federal Rule of Civil Procedure 26(e), in turn, only requires a supplement if the party has made an initial disclosure or responded to a discovery request.

Contrary to plaintiff's contention, *Jackson v. Fong*, 870 F.3d 928 (9th Cir. 2017), does not apply to this case and exempt plaintiff from complying with the PLRA. Unlike Jackson, who was released from all custody and no longer a prisoner when he filed the operative complaint, *id.* at 932, 937, plaintiff was transferred from the jail to prison and remained in custody. Plaintiff is still a prisoner as defined in the PLRA, 42 U.S.C. § 1997e(h).

The district court properly resolved the disputed fact questions, which were only relevant to exhaustion of remedies, by conducting an evidentiary hearing. *See Albino*, 747 F.3d at 1170-71 ("If a motion for summary judgment [regarding exhaustion under the PLRA] is denied, disputed factual questions relevant to exhaustion should be decided by the judge, in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue."); *Perttu v. Richards*, 605 U.S. 460, 479 (2025) (requiring a jury trial if the fact

"issue is intertwined with the merits of a claim protected by the Seventh Amendment").

The district court did not err in holding that the grievance procedure was available for the dismissed claims. The district court's adverse credibility finding is supported by the record, including the inconsistencies between testimony and documentary evidence noted by the court. We defer to adverse credibility findings premised on conflicting evidence. *Beech Aircraft Corp. v. United States*, 51 F.3d 834, 838 (9th Cir. 1995).

Plaintiff argues that jail administrative remedies were unavailable because the jail grievance process terminated as soon as he was transferred back to prison. This court has held that exhaustion may be excused if the inmate "took reasonable and appropriate steps to exhaust [his claim] and was precluded from exhausting, not through his own fault." *Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010). The district court properly applied this rule to the First Amendment claim challenging the order denying plaintiff contact with his children. Plaintiff had filed a grievance for that claim, and the pending grievance was terminated because plaintiff was transferred back to prison. Plaintiff's other claims, however, cannot be excused for this reason because plaintiff did not file an initial grievance, *i.e.*, take "reasonable and appropriate steps" to exhaust. *Id.*

Summary judgment was proper on the First Amendment claim challenging

the jail's enforcement of a Department of Corrections' order prohibiting plaintiff from having contact with his children. Defendants established that they had legitimate safety reasons for following the order issued by the prison where plaintiff was serving his sentence, and that order prohibited the contact with the children. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349-52 (1987) (setting forth the standard).

The district court properly granted summary judgment on the First Amendment claim challenging the cost of non-legal envelopes with pre-paid postage sold in the commissary. Plaintiff does not have a First Amendment right to pay any specific price for non-legal envelopes and postage or to purchase the items from a commissary at any particular price. *Cf. Johnson v. State of Cal.*, 207 F.3d 650, 656 (9th Cir. 2000) (rejecting a First Amendment claim regarding charges for telephone access and concluding that prisoners are not entitled to "a specific rates for their telephone calls").

The district court did not abuse its discretion by denying leave to file a fourth amended complaint. Amendment would be futile because plaintiff is no longer housed in jail, and he cannot file the grievances to exhaust his unexhausted claims after transfer from the jail. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading

deficiencies and amendment would be futile").

**AFFIRMED.**